Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1026 | **DATE** | 10/31/2000 |
| **CASE TITLE** | Thomas E. Herion, et al vs. Village of Bensenville, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** Plaintiffs' motion to strike [doc. # 48-1] is granted. Mr. Grude's motion to dismiss is denied as to Count V and VI, and Mr. Selvik's motion is granted as to Count VII [doc. #38-1]. Mr. Grude shall file his answer to Count V and VI on or before 11/20/00.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | NOV 01 2000 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING 00 OCT 31 PM 3: 13 | 10/31/2000 date mailed notice |
| | JJK  courtroom deputy's initials | Date/time received in central Clerk's Office | JJK mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS E. HERION, SUSAN G. HAWKINS, GONZALO GOMEZ and FRED A. SCHMID<br><br>Plaintiffs,<br><br>vs.<br><br>THE VILLAGE OF BENSENVILLE, KURT BRESSENER, CRAIG N. GRUDE, CARL DOBBS and MARK B. SELVIK,<br><br>Defendants. | No. 00 C 1026<br><br>Magistrate Judge Schenkier |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Thomas E. Herion, Susan G. Hawkins, Gonzalo Gomez and Fred A. Schmid bring this seven-count amended complaint against (1) the Village of Bensenville and (2) Kurt Bressener, Craig N. Grude, Carl Dobbs and Mark B. Selvik, individually and in their official capacities. As amended, the complaint alleges federal civil rights violations pursuant to 42 U.S.C. § 1983 and §1985(2), as well as various state law claims. Pursuant to Fed. R. Civ. P. 12(b)(6), certain of the defendants have moved to dismiss some of the state law claims: (1) Mr. Grude seeks to dismiss the claim for slander and libel (Count V) and false light invasion of privacy (Count VI); and (2) Mr. Selvik seeks to dismiss the claim for intentional infliction of emotion distress (Count VII). In addition, Plaintiffs have moved to strike portions of defendants' reply memorandum in support of the motion to dismiss. For the reasons stated below, plaintiffs' motion to strike (doc. # 48-1) is granted and the motion to dismiss is granted in part and denied in part (doc. # 38-1).

## I.

We set for the relevant allegations of the amended complaint, which we accept as true solely for the purposes of this motion. Plaintiffs were members of the Bensenville Police Department's Crime Control Crew ("CCC"). The CCC had the responsibility of investigating "specific crime areas," with a focus on drug activity (First. Am. Compl. ¶ 11). During 1994, the CCC began to investigate drug activity taking place at the Club Latino (*Id.*, at ¶ 12), which was owned and operated by the family of the Bensenville Police Department's Chief of Detectives, Sgt. Joe DeAnda (*Id.*, at ¶ 9). In 1997, the CCC was contemplating a raid of Club Latino, but received an order from Mr. Hitchuk, Bensenville Chief of Police, to cease the Club Latino investigation because of its potential embarrassment to Sgt. DeAnda (*Id.*, at ¶¶ 14-15).

Mr. Herion then began communicating with the Federal Bureau of Investigation ("FBI") and the Federal Drug Enforcement Administration ("DEA"), and ultimately the federal authorities – with the plaintiffs' cooperation and assistance – raided Club Latino (*Id.*, at ¶¶ 15-17). The raid yielded the seizure of cocaine and resulted in several arrests, which included a member of Sgt. DeAnda's family (*Id.*, at ¶ 17). The episode caused great embarrassment within the Bensenville Police Department, and led to the resignations of Police Chief Hichuk, Officer William Wassmann, and Executive Aid Richard Mosher (*Id.*, at ¶ 18).

Plaintiffs alleged that as a consequence of the plaintiffs' communication and cooperation with the Federal authorities and the Club Latino raid, the defendants engaged in or permitted numerous retaliatory acts (*see Id.*, at ¶ 1, 25, 39). These alleged retaliatory acts included several different forms of harassment, threat, intimidation, libel, scorn and ridicule by unknown fellow employees (*Id.*, at ¶¶ 19-20); the refusal of fellow officers to "backup" the plaintiffs in "life-

threatening" situations (*Id.* at ¶ 21); clandestine and illegal internal investigations (*Id.* at ¶¶ 31, 33, 34); and the public disclosure and publication of these allegedly illegal investigations (*Id.* at ¶¶ 35-34).

Count I of the amended complaint alleges that the defendants deprived the plaintiffs of their first amendment rights by retaliating against them and creating a hostile work environment, thus, violating 42 U.S.C. § 1983. Count II is brought under 42 U.S.C. §1985(2) and alleges that defendants Grude, Bressener, Selvik, Dobbs and unknown co-conspirators deprived plaintiffs of their first amendment rights, and coerced and intimidated the plaintiffs from testifying in state and federal criminal proceedings. Count III asserts a Section 1983 claim, alleging that the Village and Mr. Grude deprived the plaintiffs of a liberty interest and due process rights by releasing contents of the investigations to unauthorized persons. The remaining Counts assert various state law claims: Count IV alleges that the Village improperly disclosed private information, in violation of the Illinois Personnel Records Act, 820 ILCS 40/1 *et seq.* (West 2000); Count V alleges that Mr. Grude libeled and slandered the plaintiffs by intentionally and maliciously publishing false statements and accusations that were defamatory *per se*; Count VI alleges that the Village, through its employees' actions within the scope of their employment, and Mr. Grude have invaded the plaintiffs privacy by disseminating information that portrays them in a false light; and Count VII alleges that the Village, through its employees acting within the scope of their employment, and Messrs. Grude and Selvik have intentionally inflicted emotional distress on plaintiffs. The only claims at issue in this motion are Counts V through VII of the First Amended Complaint.[1]

---

[1] Prior to the filing of this motion and the amended complaint, the Village had moved to dismiss Counts III, IV and V. On May 17, 2000, the District Judge dismissed Count V against the Village without prejudice, but denied the Village's motion as it related to Count III and IV.

3

## II.

The purpose of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the complaint, and not to decide its merits. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Although it is often said that a claim can be dismissed only if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)(*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)), the Seventh Circuit has observed that this maxim "has never been taken literally." *Kyle v. Morten High School*, 144 F.3d 448, 455 (7th Cir. 1998)(*quoting Sutliff, Inc. v. Donovan Companies, Inc.*, 727 F.2d 648, 654 (7th Cir. 1984). A plaintiff must include in the complaint allegations concerning all material elements necessary for recovery under the relevant legal theory. *Chowla v. Klapper*, 743 F.Supp. 1284, 1285 (N.D.Ill. 1990).

At the same time, this requirement must be read in light of the federal system of notice pleading, which requires a plaintiff to set out in the complaint only a short and plain statement of the claim that provides the defendant with fair notice of what the claim is and the ground upon which it rests. *McCormick v. City of Chicago*, No. 99-2365, Slip Op. at 8-12 (7th Cir., Oct. 16, 2000); *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss, the district court must treat all well-pleaded allegations as being true and draw all reasonable inferences in the light most favorable to the plaintiff. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999), *cert. denied*, 120 S.Ct. 2691 (2000). As a result, a defendant must meet a very high standard to have a claim dismissed. *Fairley v. Zelenik*, 888 F.Supp. 89, 90 (N.D.Ill. 1995). With these standards in mind, we address the basis of the grounds raised by defendants' motion.

## A. Count V.

In Count V, plaintiffs allege that Mr. Grude has slandered and libeled them by intentionally and maliciously publishing false statements and accusations alleging their involvement in certain criminal activities and attendance irregularities (First. Am. Compl. at ¶¶ 31-38). Although the plaintiffs do not specify whether these statements were written or oral, under Illinois law, which indisputably applies, it makes no difference: "the same rules apply to defamatory statements regardless of whether they are written or oral." *Bryson v. News America Publication, Inc.*, 174 Ill.2d 77, 85, 672 N.E.2d 1207, 1215, 220 Ill. Dec. 195, 203 (Ill. 1996).

To properly plead a claim for libel or slander based on a defamatory statement, a plaintiff must assert (1) defendant made a defamatory assertion of fact about the plaintiff, (2) the assertion was published and (3) the publication resulted in harm to the plaintiff's reputation. *See generally McKay v. Town and Country Cadillac, Inc.*, 991 F.Supp. 966, 972 (N.D.Ill. 1997). Defendants do not assert that plaintiffs have failed to adequately plead any of these elements. Rather, Mr. Grude asserts that he is entitled to immunity under the Illinois Tort Immunity Act, 745 ILCS 10/2-202 (West 1996). In addition, Mr. Grude asserts for the first time in his reply brief that he is entitled to dismissal on the ground of qualified immunity, an assertion that the plaintiffs seek to strike because it was not raised in the opening brief. For the reasons set forth below, Count V survives dismissal.

### 1. Illinois Immunity Act.

Defendants argue that any tortious acts committed by Mr. Grude were done during the "execution" or "enforcement" of law, and therefore fall within the purview of the Illinois Tort Immunity Act, 745 ILCS 10/2-202 (West 1996). However, this state law grant of immunity is limited; not every act or omission by a public employee is protected. *Zimmerman v. Village of*

*Skokie*, 183 Ill.2d 30, 44, 697 N.E.2d 699, 713, 231 Ill. Dec. 914, 928 (1999). Rather, section 2-202 provides "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct."

Based on the allegations in Count V, we cannot say plaintiffs have failed to state a claim for which there would be no state immunity. Plaintiffs allege tortious actions stemming from "illegal" and "secretive investigations" that were invidiously undertaken and unnecessarily published in retaliation against Plaintiffs for their cooperation with the federal authorities (First. Am. Compl. at ¶¶ 31 and 33). If plaintiffs can show that Mr. Grude was not authorized to undertake these investigations, which plaintiffs allege were in violation of both the Rules and Regulations of the Bensenville Police Department and the Illinois Peace Officers Disciplinary Act, (*Id.* at ¶ 31), then a jury might conclude that Mr. Grude was not acting in "the enforcement or execution of law."

In addition, we reject Mr. Grude's argument that the allegations are insufficient to support a claim of willful and wanton conduct. Willful and wanton conduct is intentional conduct, or conduct committed under circumstances exhibiting a reckless disregard for others. *Hvorcik v. Sheahan*, 847 F.Supp. 1414, 1425 (N.D.Ill. 1994). Plaintiffs have alleged that Mr. Grude (1) participated and encouraged the slandering and libeling of their reputations (First. Am. Compl. ¶¶ 25, 27), and (2) did so in order to retaliate against plaintiffs for their involvement in the Club Latino raid (*Id.* at ¶¶ 31, 33, 34). Viewing the allegations in the light most favorable to the plaintiffs, the Court finds that they are sufficient to state a claim for willful and wanton misconduct. For this reason as well, Mr. Grude's motion to dismiss Count V based on the Illinois Tort Immunity Act is denied.

## 2. Qualified Immunity.

Mr. Grude also seeks dismissal on the ground of qualified immunity. Plaintiffs have moved to strike this argument on the ground that Mr. Grude improperly raised the issue of qualified immunity for first time in the reply brief. The Court agrees, and grants plaintiffs' motion to strike. *See Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989)(new arguments and new facts cannot be asserted for the first time in a reply brief); *Shlay v. Montgomery*, 802 F.2d. 918, 922 n.2 (7th Cir. 1986)(same); *see also B.F. Goodrich Co. v. Lake in the Hills, Ill.*, No. 96 C 50346, 1997 WL 269481, at 9 (N.D.Ill. 1997)(same).

Even were we to address the qualified immunity defense on the merits, that defense would not support dismissal. To begin with, Mr. Grude has offered no authority showing that qualified immunity is a defense to supplemental state law claims. Public officials can raise the affirmative defense of qualified immunity in a damages action under Section 1983, insofar as their conduct does not violate a clearly established constitutional or federal statutory right. *See generally Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). That immunity, however, does not extend to state law claims. *See* CIVIL ACTIONS AGAINST STATE AND LOCAL GOVERNMENT § 11.36 (2d ed. 1992). *See, e.g., Gossmeyer v. McDonald*, 128 F.3d 481, 486 (7th Cir. 1997) (finding that qualified immunity extended to the Section 1983 claim, but remanding the remaining supplemental defamation claim to district court); *In Re State Police Litigation*, 88 F.3d 111, 126 (2nd Cir. 1996) (finding that in order for officers to have qualified immunity against state law statutory claim they must establish a qualified immunity under state law); *Trujillo v. Simer*, 934 F. Supp. 1217, 1225-1226 (D.Colo. 1996) (finding that defendants established both a federal qualified immunity for Section 1983 violations and a state law qualified immunity for the

7

supplemental common law tort claims). Moreover, even if qualified immunity could apply to state law claims, the allegations here – that Mr. Grude intentionally committed libel and slander in retaliation for protected first amendment activity – are sufficient to warrant allowing the case to proceed without prematurely depriving plaintiffs at the pleading stage of the opportunity to show that they can prove what they have alleged.

## B. False Light Invasion of Privacy.

In Count VII, plaintiffs allege that both the Village and Mr. Grude invaded plaintiffs' privacy by disseminating confidential information that portrays the plaintiffs in a "false light." Mr. Grude – but not the Village – seeks to dismiss this claim.

To plead a claim of false light invasion of privacy, plaintiffs must allege that (1) the defendant's actions caused the plaintiffs to be placed in a false light before the public; (2) the false light would be highly offense to a reasonable person; and (3) that the defendant acted with malice or reckless disregard for whether the statements were true or false. *Frobose v. American Sav. And Loan Ass'n of Danville*, 152 F.3d 602, 617 (7th Cir. 1998)(*citing Kolegas v. Heftel Broadcasting Corp.*, 154 Ill.2d 1, 17-18, 607 N.E.2d. 201, 209-210 (1992)). Mr. Grude asserts that this claim is deficient because (1) the plaintiffs have not properly pled "false light damages"; and (2) the plaintiffs have not satisfied the "before the public" element. We find Mr. Grude's arguments to be unpersuasive.[2]

---

[2]Mr. Grude also asserts that this Court could not, as a matter of law, decide that the false light the Plaintiffs were allegedly placed within is highly offensive to a reasonable person. However, in his opening brief, Mr. Grude consciously chose not to raise this point: "we need not reach the additional elements of the claim of false light...which admittedly are better addressed in a Rule 56 Motion for Summary Judgment." (Defs' Mem at 7). The Court will not address this new issue since it was improperly raised for the first time in the reply brief. *See Wolpert*, 876 F.2d at 1331 n.6.

8

### 1. False Light.

A plaintiff need not allege or prove special or false light damages, if a defendant's statement is defamatory *per se*. *See Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1230 (7th Cir. 1993)(noting that special damages are necessary for those cases "outside the per se categories."); *Swick v. Liautaud*, 169 Ill.2d 504, 662 N.E.2d. 1238, 1244-1245(1996) (defamatory *per se* statements are "so obviously and naturally harmful" that a plaintiff need not plead or prove special damages); *Dubinsky United Airlines Master Executive Council*, 303 Ill. App.3d 317, 322, 708 N.E.2d 441, 447 (1st Dist. 1999). The Illinois Supreme Court has recognized the following four categories of defamatory *per se* statements: (1) words imputing a commission of a criminal offense; (2) words imputing an infection with a loathsome communicable disease; (3) words imputing the inability to perform or want of integrity in the discharge of duties, office or employment; and (4) words that prejudice a party or impute a lack of ability in plaintiff's trade, profession or business. *Swick*, 662 N.E.2d at 1245. Plaintiffs have alleged that Mr. Grude has falsely and maliciously accused plaintiff Herion of various criminal conduct acts that included obstruction of justice and insurance fraud (First. Am. Compl. at ¶¶ 34, 37A-O). Taking these allegations as true, plaintiffs' allegations fall within the first category of defamatory *per se* statements, thus, negating any requirement to plead or prove "special damages."

### 2. Before the Public.

Mr. Grude asserts that the amended complaint lacks any allegations tying him to actions that caused any of the plaintiffs to be placed in a false light "before the public." Moreover, Mr. Grude

asserts that "before the public" means disclosure to the public at large, and that the amended complaint fails to allege such a broad disclosure.

The Illinois Supreme Court has recognized that the heart of a false light claim lies in the publicity requirement. *Frobose*, 152 F.3d 602, 617 (7th Cir. 1998)(*citing Lovgen v. Citizens First National Bank of Princeton*, 126 Ill.2d 411, 413, 534 N.E.2d. 987, 989, 128 Ill. Dec. 542, 544 (1989). While the publicity requirement is satisfied when the statements have been disclosed to the public at large, or "to so many persons that the matter must be regarded as one of general knowledge." *Chisholm v. Foothill Capital Corp.*, 940 F.Supp. 1273, 1285 (N.D.Ill. 1996). However, the publicity requirement also may be satisfied by a disclosure to a smaller number of people with whom the plaintiff has a special relationship, on the rationale that such a disclosure "may be just as devastating to the person even though the disclosure was made to a limited number of people." *Id.* (*quoting, Miller v. Motorola*, 202 Ill. App. 3d 976, 979, 560 N.E. 2d 900, 903 148 Ill. Dec. 303, 306 (1st Dist. 1990).

Plaintiffs have alleged that Mr. Grude composed a letter accusing Mr. Herion of criminal acts, and mailed it to the State's Attorneys Office, Defendant Selvik and "others" (First. Am. Compl. ¶ 37A). In addition, plaintiffs have alleged that Mr. Grude informed several members of the Bensenville police community, a city manager, a former Bensenville Police chief, several police chiefs of the surrounding communities, the entire Bensenville Board of Police and Fire commissioners, and members of the Illinois State Police that plaintiff Herion was being investigated and would be indicted based on charges that Mr. Grude allegedly knew to be false (*Id.*, at ¶ 37A-37O).

10

These allegations sufficiently plead disclosure of the defamatory information to individuals having a "special relationship" with Mr. Herion (*e.g.*, co-workers and other individuals within the law enforcement community); nor can we say that plaintiffs will be unable to show disclosure to a sufficiently large number of individuals that the information was substantially certain to become public knowledge. *See Chisholm*, 940 F.Supp. at 1285. That is enough to survive dismissal.

## C. Intentional Infliction of Emotional Distress.

Mr. Selvik moves to dismiss Count VII, which seeks to plead a claim of intentional infliction of emotional distress. In order to properly plead such a claim, a plaintiff must allege that (1) defendant's conduct was extreme and outrageous, (2) defendant intended to cause extreme emotional distress, or know that her conduct had a high probability of causing extreme emotional distress, and (3) defendant's conduct did in fact cause the plaintiff's extreme emotional distress. *Kolegas*, 154 Ill.2d 1, 607 N.E.2d. at 211.

Plaintiffs argue that the amended complaint alleges that Mr. Selvik intentionally released confidential files containing Mr. Grude's illegal and clandestine investigative reports, that Mr. Selvik conspired with Grude and others to retaliate against plaintiffs for their cooperation with the FBI, that Mr. Selvik was "tied to" individual acts of harassment, and that all these actions were done for the purpose of inflicting severe emotional distress on the plaintiffs. We disagree.

The amended complaint states only that Mr. Selvik, along with three others, had rightful access to Mr. Grude's confidential investigative files that were disclosed to outside sources, and that the files were disclosed with an anonymously written letter that was intended to damage Mr. Herion's reputation and cause him severe emotional distress (First. Am. Compl., at ¶¶ 35-36). Plaintiffs do not allege that Mr. Selvik wrote the letter; nor do they allege that Mr. Selvik disclosed

11

the files to outside sources. Plaintiffs simply do not assert that Defendant Selvik personally released the files.

Nor have plaintiffs adequately alleged that Mr. Selvik conspired with Mr. Grude or others to retaliate against the Plaintiffs for their cooperation with the FBI. When alleging a conspiracy, plaintiffs must satisfy the more rigorous pleading requirements of Fed. R. Civ. P 9(b), which requires that allegations be made "with particularity." Although on its face Rule 9(b) does not require civil conspiracy claims to be plead with specificity, courts in this district have held that such a pleading requirement exists. *See Cohabaco Cigar Co. v. United States Tobacco Co.*, No. 98 C 1580, 1998 WL 773696, at * 6-7 (N.D.Ill. Oct. 30, 1998); *Morgan v. Gtech Corporation*, No. 90 C 238, 1990 WL 251900, at * 3 (N.D.Ill. 1990); *Frymire v. Peat, Marwick, Mitchell & Co.*, 657 F.Supp. 889, 896 (N.D.Ill. 1987). To successfully allege a civil conspiracy claim, a plaintiff must identify with particularity in its pleadings (1) the nature of the conspiracy and (2) each defendant's role in the conspiracy. *Morgan*, 1990 WL 251900, at * 3 (*citing Frymire*, 657 F.Supp. at 895-96). Moreover, a plaintiff must allege particular facts establishing the existence of an agreement between the alleged conspirators to inflict the alleged harm. *Id.* The amended complaint here lacks any such allegations.

Finally, Plaintiffs assert that the amended complaint adequately alleges that Mr. Selvik participated in individual acts of harassment that were intended to cause the plaintiffs severe emotional distress. However, the only individual act that plaintiffs have alleged Mr. Selvik committed was his completion and submission of a candidacy evaluation that was allegedly intended to preclude Mrs. Hawkins from a promotion to sergeant – a promotion that Mrs. Hawkins ultimately received (First. Am. Compl. ¶ 46).

A court must apply an objective standard to determine whether the alleged conduct can be considered extreme and outrageous. *Harrison v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993). In order for conduct to be actionable, it must constitute more than "mere insults indignities, threats, annoyances, petty oppressions or other trivialities." *McGrath v. Fahey*, 126 Ill.2d 78, 81, 533 N.E.2d 806, 809, 127 Ill. Dec. 724, 727 (1988). The conduct must be particularly egregious. *Lewis v. Cotton*, 932 F.Supp. 1116, 1118 (N.D.Ill. 1996). Conduct is considered particularly egregious when the conduct is so extreme in degree and so outrageous in character that it goes beyond all bounds of decency, and the conduct inflicts such distress that no reasonable person could be expected to endure it. *Id*; *see also Harrison*, 992 F.2d at 703. It is not enough that a defendant acted with tortious or criminal intent, that she intended to inflict emotional distress, or that the conduct could be characterized by malice or a degree of aggravation that might entitle a plaintiff to punitive damages under another theory of tort. *Lewis*, 932 F.Supp. at 1118 (*quoting Hamros v. Bethany Homes and Methodist Hosp. of Chicago*, 894 F.Supp. 1176, 1180 (N.D.Ill. 1995).

Plaintiffs allege only that Mr. Selvik's evaluation was an attempt to derail their promotion. Plaintiffs do not allege that Mr. Selvik intended to cause, or should have known that his evaluation would cause the plaintiffs severe emotional distress, nor do plaintiffs allege that Mr. Selvik's conduct actually caused severe emotional distress. The Court concludes that Mr. Selvik's completion and submission of a candidacy evaluation, and the initial denial of the promotion cannot be considered extreme and outrageous conduct that gives rise to an intentional infliction of severe emotional distress claim. *See, e.g., Harrison*, 992 F.2d at 703 (finding that refusing to promote and petty forms of harassment are not actionable); *Serpe v. Williams*, 1986 WL 7950, at * 6-7 (N.D.Ill 1986) (failing to promote is not actionable).

13

## CONCLUSION

For the reasons set forth above, plaintiffs' motion to strike (doc. # 48-1) is granted. Mr. Grude's motion to dismiss is denied as to Count V and VI, and Mr. Selvik's motion is granted as to Count VII (doc. # 38-1). Mr. Grude shall file his answer to Count V and VI on or before November 20, 2000.

ENTER:

_____
SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: October 31, 2000